IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALEXIS RIX,** | |
| Plaintiff, | |
| v. | CIVIL ACTION  22-406 |
| **NORTHCUTT DENTAL MANAGEMENT SERVICES**, **INC.**, d/b/a **NORTHCUTT DENTAL** | |
| Defendant. | |

## COMPLAINT

Comes now the Plaintiff Alexis Rix, and files this Complaint of discrimination and retaliation against the Defendant as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is action seeks principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment.

1. The Plaintiff institutes this action against her former employer, NorthCutt Dental, pursuant to several anti-discrimination and retaliation statutes including Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), and 42 U.S.C. Section 1981, as both were amended by the Civil Rights Act of 1991.  Plaintiff also brings this action under the Pregnancy Discrimination Act of 1978 and the Family Medical Leave Act of 1993.

1

2. This Court has federal-question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.  In addition, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments.

3.  Pursuant to 28 U.S.C. Section 1391(b), venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, wherein the Plaintiff resides and where all adverse actions against the Plaintiff occurred.

## II.  PARTIES

4. The named Plaintiff, Alexis Rix (hereinafter "Ms. Rix"), is an African-American citizen of the United States and a resident of Mobile County, Alabama. Ms. Rix was formerly employed by Defendant Northcutt Dental.

5. Defendant Northcutt Dental is a dental practice with offices in at least four (4) Alabama locations: Mobile, Fairhope, Semmes, and Bay Minette.

## III.  STATEMENT OF FACTS

6. Alexis Rix was hired by Defendant on May 4, 2015, in its Mobile, Alabama, location as a dental hygiene assistant. At the time of her hire, Ms. Rix informed Defendant that she suffers from Attention Deficit Hyperactivity Disorder and severe anxiety disorder.

7.  In August 2019, Defendant was made aware that Ms. Rix was pregnant and would no longer be taking prescribed medications for her anxiety and attention deficit disorders.

8.  On Feb. 18, 2020, Ms. Rix informed Defendant that she was experiencing physical discomfort. Defendant responded by ordering Ms. Rix to continue working her assigned duties.

9.  Later that same day, after visiting her physician Ms. Rix was placed on modified bedrest extending six to eight weeks beyond her expected delivery date after she was found to have gone into preterm labor.

10. Upon Ms. Rix's return to work from maternity leave on April 30, 2020, Defendant began to retaliate against her because of her leave and request for accommodation under the Family Medical Leave Act.

11. Defendant had previously promised Ms. Rix that she would be afforded flexible break times to accommodate nursing and a private, intrusion-free room to do so upon request.

12. Defendant instead assigned Ms. Rix a work schedule that failed to provide her sufficient breaks required of a nursing mother to expel breast milk and that would require her to search for and reach agreement with other employees to cover for her whenever her need to expel overlapped with her work schedule.

13. On May 19, 2020, Ms. Rix raised with Defendant her concerns that her needs as a nursing mother were not being accommodated as Defendant had promised. Ms. Rix cited her new work schedule and Defendant's failure to provide the dedicated, secure nursing space it previously told Ms. Rix would be made available to her as cause for her concern.

14. Defendant responded by retaliating against Ms. Rix. Instead of addressing Ms. Rix's concerns as a new mother attempting to balance her biological needs with her professional duties, Defendant North informed Ms. Rix that no modifications would be made to her work schedule and that she could not use the nursing room without permission from her superiors.

15. Defendant also refused to provide Ms. Rix a secure area for nursing. The room Defendant had previously indicated Ms. Rix would be able to use for her lactation needs had no locking door and was in frequent use by Defendant's employees, some of whom entered the room during Ms. Rix's nursing sessions.

16. Even after receiving permission from Defendant to use the nursing room, Ms. Rix often found the room occupied, forcing her into restroom stalls to nurse.

17. Defendant's acts of retaliation against Ms. Rix aggravated symptoms of her severe anxiety and attention deficit disorders. By forcing Ms. Rix- under fear of reprisal- to search for support every time her body dictated that she expel,

Defendant caused Ms. Rix to become increasingly anxious. This in turn triggered an anxiety spiral in which Ms. Rix became increasingly anxious that her increasing anxiety was reducing the quality of her breast milk she was providing her newborn child.

18. On May 27, 2020, Defendant retaliated against Ms. Rix due to her request for FMLA accommodation by forcing her to sign a written corrective action penalizing Ms. Rix for infractions that she did not commit.

19. Defendant further retaliated against Ms. Rix for resorting to medical leave by racially discriminating against her.

20. On February 2, 2021, Ms. Rix was verbally attacked by a member of Defendant's management, which caused her to become physically ill to the point of having to seek immediate medical attention.

21. On February 3, 2021, following the medical advice of her primary physician, Ms. Rix made a formal request of Defendant for leave under the FMLA.

22. Following her leave request, a manager hissed at Ms. Rix that she would never again "practice hygiene" in Defendant's employ." Ms. Rix was then advised to seek other employment as a hygienist while on FMLA, and stated that if she found other employment, Defendant would forgive certain student debt Ms. Rix had accumulated.

23. Also following Ms. Rix's leave request she was demoted by Defendant and Rix's vacated role was filled with Jordan Lambard, a White woman.

24. Lambard had less experience than Ms. Rix and, by Defendant's internal personnel requirements, lacked the qualifications for the Shift Leader role into which Defendant placed her.

25. For five years Ms. Rix had been a model employee, receiving positive year-end evaluations, as well as regular raises. Only after the exercise of her rights to protect her health while balancing motherhood and a rewarding career, did Ms. Rix become in Defendant's estimation a bad employee subject to demotion.

26. Upon information and belief, Ms. Rix avers that Defendant discriminated against her on the basis of her pregnancy and her race, in violation of the Pregnancy Leave Act, Title VII, 42 U.S.C. Section 1981, and the FMLA

27. Ms. Rix is also victim of retaliation for engaging in protected activity relating to her complaints of pregnancy and race discrimination, and for exercising rights under the FMLA.

## COUNT I

Because of its actions as outlined above, the Defendant Northcutt Dental has engaged in unlawful discrimination based on race in violation of Title VII of the Civil Rights Act.

## COUNT II

Because of its actions as outlined above the Defendant has engaged in unlawful employment discrimination based on race in violation of 42 U.S.C. Section 1981.

## COUNT III

Because of its actions as outlined above the Defendant has engaged in unlawful retaliation in violation of Title VII of the Civil Rights Act.

## COUNT IV

Because of its actions as outlined above the Defendant has engaged in retaliation in violation of in violation of 42 U.S.C. Section 1981.

## COUNT V

Because of its actions as outlined above Defendant has engaged in discrimination on the basis of pregnancy in violation of the Pregnancy Discrimination Act.

## COUNT VI

Because of its actions as outlined above Defendant has retaliated against Ms. Rix on the basis of pregnancy in violation of the Pregnancy Discrimination Act.

## COUNT VII

Because of its actions as outlined above Defendant has engaged in actions that are in violation of the Family Medical Leave Act of 1993.

## COUNT VIII

Because of its actions as outlined above Defendant has retaliated against Ms. Rix in violation of the Family Medical Leave Act of 1993.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Rix demands judgment against the Defendant as follows:

(a) A declaratory judgment that the Defendant has engaged in unlawful discrimination as set out in Counts I, II, V, and VII as listed above;

(b) A declaratory judgment that the Defendant has engaged in unlawful retaliation as set out in Counts III, IV, VI, and VIII as listed above;

(c) Award Plaintiff reasonable compensatory damages in the amount of $300,000 for having to suffer the humiliation, stress, and embarrassment of this unlawful treatment;

(d) Award Plaintiff her costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court

may deem just and proper.

**TRIAL BY JURY REQUESTED**.

                           Respectfully Submitted,

                           */s/ Ronnie L. Williams(6024-WILLR)*
                           Williams & Associates, LLC
                           814 St. Francis Street
                           Mobile, Alabama 36602
                           (251) 432-6985 (Tel.)
                           (251) 432-6987 (Fax)
                           ron@williams-llc.com