IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXIS RIX, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00406-KD-N |
| ) | |
| NORTHCUTT DENTAL ) | |
| MANAGEMENT SERVICES, INC., ) | |
| *d/b/a* Northcutt Dental, ) | |
|     Defendant. ) | |

## ORDER DENYING MOTION TO STAY

This civil action is before the Court on the Defendant's "Motion to Stay Discovery Pending Ruling on Motion to Compel Arbitration" filed May 9, 2023. (Doc. 26).[1] In accordance with the Court's briefing schedule (*see* Doc. 27), the Plaintiff timely filed a response in opposition to the motion (Doc. 28), and the Defendant timely filed a reply to the response (Doc. 29). The motion is now under submission. Upon due consideration, the motion to stay (Doc. 26) is **DENIED**, for the following reasons.

The Defendant has cited no authority suggesting that a stay of discovery is required when a motion to compel arbitration is pending, and the undersigned does not find good cause to impose one here. *Cf. Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (noting that district courts have "broad discretion…in

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/9/2023 electronic reference notation).

discovery matters"). The Defendant did not move to compel arbitration until March 22, 2023 (*see* Doc. 19), almost two months after discovery commenced following the parties' planning meeting under Federal Rule of Civil Procedure 26(f), which the Defendant did not seek to delay. *See* (Doc. 14, PageID.40); Fed. R. Civ. P. 26(d)(1). The Defendant also did not file the present motion to stay until over a month after moving to compel arbitration. These delays diminish any claim of prejudice the Defendant might make.

Moreover, the Plaintiff's brief in opposition to the motion to compel arbitration claims, among other things, that discovery must be allowed into the validity of the arbitration agreement before the Court can decide whether to enforce it. Without expressing any opinion on the merits of that argument, it does counsel against a total stay of discovery at this juncture.[2] Finally, even if the parties are ultimately ordered to arbitrate the Plaintiff's claims, any discovery obtained here can be used in those proceedings as well, thus potentially expediting resolution. On the other hand, a stay of discovery would result in delay of this action if arbitration is ultimately denied.

**DONE** and **ORDERED** this the **9th** day of **June 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Defendant has not requested in the alternative that discovery be limited pending a ruling on the motion to compel arbitration.