IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEXIS RIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 22-00406-KD-N |
| | ) | |
| NORTHCUTT DENTAL MANAGEMENT SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This action is before the Court on Defendant Northcutt Dental Management Services, Inc.'s Renewed Motion to Confirm Arbitration Award, (Doc. 48), and Plaintiff Alexis Rix's Response, (Doc. 50).

## I.      Procedural History

On June 21, 2021, Rix filed a Charge of Discrimination with the EEOC alleging race discrimination, retaliation under the FMLA, and disability discrimination. Rix received a Notice of Rights to Sue by the EEOC on July 19, 2022. On October 17, 2022, Rix filed her complaint against Northcutt. (Doc. 1). Northcutt filed a Motion to Compel Arbitration on March 22, 2023. (Docs. 19, 20). On August 7, 2023, the Court granted the motion and ordered the parties to file a joint report on the status of the arbitration by November 7, 2023. (Doc. 38). In the parties' second joint report on arbitration filed on February 28, 2024, the parties informed the Court they were engaged in discovery and the arbitration was set for September 18, 2024. (Doc. 41). However, the hearing was not held, and the arbitration was dismissed with prejudice by the arbitrator for failure to prosecute on September 16, 2024.

1

On September 18, 2024, Rix filed a motion to vacate the arbitration decision. (Doc. 43). Northcutt filed a Response to the Motion and a Motion to Confirm the Arbitration Award on October 2, 2024. (Doc. 45). Rix filed her Reply on October 17, 2024. (Doc. 46). The Court denied Rix's Motion to Vacate the arbitration decision on April 30, 2025. (Doc. 47). Northcutt filed a Renewed Motion to Confirm the Arbitration Award on May 27, 2025. (Doc. 48). Rix filed her Response on June 10, 2025. (Doc. 50).

## II.     Law on Confirming Arbitration Award

The Federal Arbitration Act ("FAA") applies to written provisions in contracts "evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy arising out of such contract…" 9 U.S.C. § 2. Upon an agreement of the parties that a judgment be entered by the court upon award from the arbitration, "then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected…" 9 U.S.C. § 9.

The FAA presumes confirmation of arbitration awards by the Court. Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010) (citation omitted). The Eleventh Circuit instructs that "federal courts should defer to an arbitrator's decision whenever possible." Doward v. Macy's, Inc., 588 Fed. Appx. 951, 953 (11th Cir. 2014) (quoting Frazier, 604 F.2d at 1321)). Because of this, confirmation of arbitration decisions are typically routine or summary. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (citing Cullen v. Paine, Webber, Jackson, & Curtis, Inc. 863 F.2d 851, 854 (11th Cir. 1989)).

### III. Analysis

    a. Transaction Involving Interstate Commerce

Northcutt attached a copy of their Alternative Dispute Resolution Policy for Employees to its renewed Motion to Confirm the Arbitration Award. (Doc. 48-1). This copy was signed by Rix as a part of her employment with Northcutt. (Id.). When Rix signed this Policy, she agreed that the arbitrator's decision would be final and that the judgment of the arbitrator "may be entered in any court having jurisdiction thereof." (Id. at p. 9-10).

In the Court's Order Compelling Arbitration, the Court found that the transaction between Rix and Northcutt involved interstate commerce. (Doc. 38 at p. 22). The Court reasoned that the Alternative Dispute Resolution Policy was a part "of an employment contract which, although intrastate, affects interstate commerce." (Id. at p. 21). Northcutt's daily operations involving contracts with nationwide vendors, suppliers, and insurance providers affects interstate commerce. (Id.). The Court's finding is aligned with the Eleventh Circuit's holding that employment contracts containing arbitration agreements are generally enforceable. (Id. (quoting Hernandez v. Acosta Tractors, Inc., 898 F.3d 1301, 1304 (11th Cir. 2018)). The Court's reasoning in its Order Compelling Arbitration also applies to this Order. Therefore, the Alternative Dispute Resolution Policy for employees evidences interstate commerce.

    b. Confirmation of Arbitration Award

The Court previously denied Rix's Motion to Vacate the Arbitration Award. Northcutt filed its initial Motion to Confirm Arbitration Award on October 2, 2024, and its renewed motion was filed on May 27, 2025. In Northcutt's renewed Motion, Northcutt presents three reasons the arbitration should be confirmed. First, the parties agreed in Rix's signed Alternative Dispute

3

Resolution Policy that "[t]he parties agree that judgment on the arbitrator's award may be entered in any court having jurisdiction thereof." (Doc. 48 at p. 3). Second, the Motion to Confirm the arbitration decision is timely. (Id. at p. 4) Lastly, Northcutt argues the arbitration decision should be confirmed because Rix's Motion to Vacate the arbitration decision was previously denied. (Id.).

Rix filed a response to the Motion to Confirm Arbitration. (Doc. 50). In her response, Rix presents four arguments defending her position that the Motion to Confirm the Arbitration should be denied. First, Rix argues that the arbitrator engaged in misconduct by sua sponte researching the effects of ADHD medication on pregnant women, dismissing the doctor's note without a hearing, denying a 14-day continuance request after saying he would consider such a request, and rejecting Rix's offer to pay cancellation fees for lodging and travel. (Id. at p. 3). Rix claims these four events show the arbitrators lack of willingness to accommodate Rix's medical condition and constitute misconduct. (Id.). As the Court held in its Order denying Rix's Motion to Vacate the arbitration decision, these actions of the arbitrator were reasonable. (Doc. 47 at p. 8-9).

Second, Rix argues that the arbitrator's decision is not mutual, final, or definite, and cannot be confirmed. (Doc. 50 at p. 4). However, the arbitration award is final and definite as it dismisses the action with prejudice for failure to prosecute. Further, the arbitrator's decision to dismiss with prejudice came after Rix filed a motion for the arbitrator to recuse himself, or in the alternative, Rix's withdrawal from the arbitration. The arbitrator construed this request as a failure to prosecute the case and dismissed it. The Supreme Court has held that when an arbitrator dismisses an action and the entire case is disposed of with no part left pending before the court, the decision falls directly into the meaning of "final decision." Green Tree Fin. Corp.-

4

Alabama v. Randolph, 531 U.S. 79, 80 (2000). Here, no part of the case is left pending in front of the Court. Therefore, the arbitration decision in this case is final and definite meeting the standard under the FAA.

Third, Rix argues the arbitrator exceeded his authority by dismissing the action with prejudice. (Doc. 50 at p. 4). Rix argues that the dismissal is a case ending sanction under Federal Rule of Civil Procedure 41(b), which is not approved by the FAA. (Id.). However, Federal Rule of Civil Procedure 41(b) governs involuntary dismissals. Fed. R. Civ. P. 41(b). Here, Rix withdrew from the arbitration, which effectively voluntarily dismissed the case. Therefore, Federal Rule of Civil Procedure 41(b) is not applicable here. Further, by voluntarily withdrawing from the arbitration, Rix invited the error, if an error at all, of the arbitrator dismissing the action with prejudice. See United States v. Cobb, 842 F.3d 1213, 1222 (11th Cir. 2016) (citation omitted).

Lastly, Rix argues that confirmation of the arbitration decision would be contrary to the public policies found in the Pregnancy Discrimination Act, Americans with Disabilities Act and the Family Medical Leave Act. (Doc. 50 at p. 4-5). Rix claims confirming the decision effectively punishes her for exercising her rights under federal law. (Id. at p. 5). Rix cites Brown v. Rauscher Pierce Refsnes, Inc. as support for the premise "[c]ourts may decline to enforce arbitration awards that contravene public policy." (Doc. 50 at p. 5). While Brown makes this statement of law, it does not apply to this case. Brown states "the public policy exception is implicated when enforcement of the award compels one of the parties to take action which directly conflicts with public policy." Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 782 (11th Cir. 1993) (citation omitted). That is not a consequence of the arbitration in this case. Here, there is no arbitration *award,* there is an arbitration *decision* to dismiss the case after Rix

withdrew from the arbitration. Accordingly, her withdrawal and the ultimate dismissal of the arbitration does not make any party take an action that is contrary to public policy.

Since the arbitration decision by the arbitrator occurred on September 16, 2024, both the initial and renewed motion for confirmation come within the required one-year timeframe from the arbitration decision. 9 U.S.C. § 9. Therefore, in accordance with public policy favoring confirmation of arbitration decisions, the arbitration award is **CONFIRMED**.

### IV.     Conclusion

Accordingly, the Motion to Confirm the Arbitration Award is **GRANTED**[1] and this action is **DISMISSED with prejudice.**

**DONE** and **ORDERED** this **8th day** of **September 2025.**

s / Kristi K. DuBose<br>
**KRISTI K. DuBOSE**<br>
**UNITED STATES DISTRICT JUDGE**

---

[1] In granting Northcutt's renewed Motion to Confirm Arbitration Award, Northcutt's Motion to Confirm in its Response to Rix's Motion to Vacate, (Doc. 45), is now **MOOT.**